UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
                 Plaintiff, ) Case No. MJ09-34
      v. )
ABDULKADIR GASS HERSI, ) DETENTION ORDER
                 Defendant. )
_____ )

Offense charged:

        CONSPIRACY TO DISTRIBUTE KHAT, in violation of 21 U.S.C. §§ 846 and 841(a)(1)

Date of Detention Hearing: February 4, 2009

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. Application of the presumption is appropriate in this case.

(2) Defendant works at the airport as a baggage handler.

DETENTION ORDER                                       15.13
18 U.S.C. § 3142(i)                             Rev. 1/91
PAGE 1

(3) During a search of defendant's house, a handwritten document listing and identifying explosive materials was found in a clothes hamper. It included dynamite, black powder, compressed gas, and chlorme. A SeaTac airport bomb technician opined that these materials could cause a small explosion.

(4) The handwritten document also made reference to a Beechwood 1900 aircraft. His employer (Delta) does not fly Beechwood 1900 aircraft, so it is unlikely this related to training.

(5) The handwritten document also made reference to 14 CFR § 382.40, which indicates that providing boarding assistance is not required for the Beechwood 1900 aircraft.

(6) Defendant's training took place in April or May of 2008 and so it is unlikely that the handwritten document, found in the clothes hamper in late January 2009, was from his training.

(7) There are no conditions or combination of conditions other than detention that will reasonably ensure the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to

counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 5th day of February, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge